UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GENOA HEALTHCARE, LLC<br>  Plaintiff,<br><br>v.<br><br>NISHI SONI, HIMANSHUU PATEL, and SAI HEALTHWAY PHARMACY, LLC,<br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CAUSE NO. 5:21-CV-00361-DAE |

**DEFENDANT NISHI SONI'S ORIGINAL ANSWER, DEFENSES AND COUNTERCLAIMS**

COMES NOW, Defendant Nishi Soni and files this Original Answer, Defenses, and Counterclaims pursuant to the Federal Rules of Civil Procedure and would respectfully show this Court as follows:

**A.**
**ORIGINAL ANSWER[1]**

1. To the extent Paragraph 1 merely describes the nature of Plaintiff's Complaint, no response is required. Defendant Soni admits that she was formerly employed as a pharmacist at Genoa Healthcare Pharmacy in San Antonio, Texas and denies the remainder of the allegations contained in Paragraph 1 of Plaintiff's Original Complaint.

2. To the extent Paragraph 2 merely describes the nature of Plaintiff's Complaint, no response is required. Defendant Soni denies the allegations contained in Paragraph 2 of Plaintiff's

---

[1] Defendant Soni denies any allegations or characterizations contained in the headings or sub-headings of Plaintiff's Complaint. Soni denies that any information alleged in the Complaint constituted confidential or trade secret information of Plaintiff.

Original Complaint.

3. To the extent Paragraph 3 merely describes the nature of Plaintiff's Complaint, no response is required. Defendant Soni admits that she resigned her employment and denies the remainder of the allegations contained in Paragraph 3 of Plaintiff's Original Complaint.

4. To the extent Paragraph 4 merely describes the nature of Plaintiff's Complaint, no response is required. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 4 of Plaintiff's Original Complaint regarding obligations allegedly owed to Plaintiff because they are too broad and vague. Defendant Soni denies the remaining allegations contained in Paragraph 4 of Plaintiff's Original Complaint.

5. To the extent Paragraph 5 merely describes the nature of Plaintiff's Complaint, no response is required. Defendant Soni denies the allegations contained in Paragraph 5 of Plaintiff's Original Complaint.

6. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 6 of Plaintiff's Original Complaint.

7. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 7 of Plaintiff's Original Complaint concerning access to "confidential and proprietary data, networks, systems and information" because they are too broad and vague. Defendant Soni admits the remaining allegations contained in Paragraph 7 of Plaintiff's Original Complaint.

8. Defendant Soni denies the allegation that she and Defendant Patel are family relatives and otherwise is without knowledge or information sufficient to form a belief about the

allegations contained in Paragraph 8 of Plaintiff's Original Complaint.

9. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 9 of Plaintiff's Original Complaint.

10. Defendant Soni admits the allegations contained in Paragraph 10 of Plaintiff's Original Complaint.

11. Defendant Soni admits the allegations contained in Paragraph 11 of Plaintiff's Original Complaint.

12. Defendant Soni admits venue is proper but denies that there were any actionable events or omissions by Defendant Soni, as alleged in Paragraph 12 of Plaintiff's Original Complaint.

13. Defendant Soni denies the allegations contained in Paragraph 13 of Plaintiff's Original Complaint.

14. Defendant Soni admits the allegations contained in Paragraph 14 of Plaintiff's Original Complaint.

15. Defendant Soni admits that during her employment she had access to Genoa's online prescription management program but is without knowledge or information sufficient to form a belief about the remaining allegations contained in Paragraph 15 of Plaintiff's Original Complaint.

16. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 16 of Plaintiff's Original Complaint.

17. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 17 of Plaintiff's Original Complaint concerning access to "confidential, proprietary and trade secret information, including information about

Genoa's business relationships and patients" because they are too broad and vague. Defendant Soni denies the remaining allegations contained in Paragraph 17 of Plaintiff's Original Complaint.

18. Defendant Soni denies the allegations contained in Paragraph 18 of Plaintiff's Original Complaint.

19. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 19 of Plaintiff's Original Complaint.

20. Defendant Soni admits that IMS and a Genoa-affiliated business exchanged an agreement for execution at or near in time to October 24, 2020 but is without knowledge or information sufficient to form a belief about the remaining allegations contained in Paragraph 20 of Plaintiff's Original Complaint.

21. Defendant Soni denies the allegations contained in Paragraph 21 of Plaintiff's Original Complaint.

22. Defendant Soni denies the allegations contained in Paragraph 22 of Plaintiff's Original Complaint.

23. Defendant Soni denies the allegations contained in Paragraph 23 of Plaintiff's Original Complaint.

24. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 24 of Plaintiff's Original Complaint.

25. Defendant Soni is without knowledge or information sufficient to form a belief about any purported internal investigations allegedly conducted as alleged in Paragraph 25 of Plaintiff's Original Complaint. Defendant Soni denies the remaining allegations contained

in Paragraph 25 of Plaintiff's Original Complaint.

26. Defendant Soni denies the allegations contained in Paragraph 26 of Plaintiff's Original Complaint.

27. Defendant Soni denies the allegations contained in Paragraph 27 of Plaintiff's Original Complaint.

28. Defendant Soni denies the allegations contained in Paragraph 28 of Plaintiff's Original Complaint.

29. Defendant Soni adopts and incorporates her responses to the previous allegations set forth in this Answer as if fully set forth herein.

30. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 30 of Plaintiff's Original Complaint because they are too broad and vague.

31. Defendant Soni denies the allegations contained in Paragraph 31 of Plaintiff's Original Complaint.

32. Defendant Soni denies the allegations contained in Paragraph 32 of Plaintiff's Original Complaint.

33. Defendant Soni denies the allegations contained in Paragraph 33 of Plaintiff's Original Complaint.

34. Defendant Soni adopts and incorporates her responses to the previous allegations set forth in this Answer as if fully set forth herein.

35. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 35 of Plaintiff's Original Complaint.

36. Defendant Soni denies the allegations contained in Paragraph 36 of Plaintiff's Original Complaint.

37. Defendant Soni denies the allegations contained in Paragraph 37 of Plaintiff's Original Complaint.

38. Defendant Soni adopts and incorporates her responses to the previous allegations set forth in this Answer as if fully set forth herein.

39. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 39 of Plaintiff's Original Complaint.

40. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 40 of Plaintiff's Original Complaint.

41. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 41 of Plaintiff's Original Complaint.

42. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 42 of Plaintiff's Original Complaint.

43. Defendant Soni denies the allegations contained in Paragraph 43 of Plaintiff's Original Complaint.

44. Defendant Soni denies the allegations contained in Paragraph 44 of Plaintiff's Original Complaint.

45. Defendant Soni adopts and incorporates her responses to the previous allegations set forth in this Answer as if fully set forth herein.

46. Defendant Soni denies the allegations contained in Paragraph 46 of Plaintiff's Original Complaint.

47. Defendant Soni denies the allegations contained in Paragraph 47 of Plaintiff's Original Complaint.

48. Defendant Soni denies the allegations contained in Paragraph 48 of Plaintiff's Original Complaint.

49. Defendant Soni adopts and incorporates her responses to the previous allegations set forth in this Answer as if fully set forth herein.

50. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 50 of Plaintiff's Original Complaint.

51. Defendant Soni admits she was aware Genoa and IMS negotiated regarding a contract but is otherwise without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 51 of Plaintiff's Original Complaint.

52. Defendant Soni admits she was aware Genoa and IMS negotiated regarding a contract but is otherwise without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 52 of Plaintiff's Original Complaint.

53. Defendant Soni denies the allegations contained in Paragraph 53 of Plaintiff's Original Complaint.

54. Defendant Soni denies the allegations contained in Paragraph 54 of Plaintiff's Original Complaint.

55. Defendant Soni denies the allegations contained in Paragraph 55 of Plaintiff's Original Complaint.

56. Defendant Soni adopts and incorporates her responses to the previous allegations set forth in this Answer as if fully set forth herein.

57. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 57 of Plaintiff's Original Complaint.

58. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 58 of Plaintiff's Original Complaint.

59. Defendant Soni is without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 59 of Plaintiff's Original Complaint relating to Plaintiff's alleged trade secrets or the terms of the contract alleged. Defendant Soni denies all other allegations contained in Paragraph 59 of Plaintiff's Original Complaint.

60. Defendant Soni denies the allegations contained in Paragraph 60 of Plaintiff's Original Complaint.

61. Defendant Soni denies the allegations contained in Paragraph 61 of Plaintiff's Original Complaint.

62. Defendant Soni adopts and incorporates her responses to the previous allegations set forth in this Answer as if fully set forth herein.

63. Defendant Soni denies the allegations contained in Paragraph 63 of Plaintiff's Original Complaint.

64. Defendant Soni admits that, as an employee of Plaintiff, she was provided access to some of Defendant's computer systems. Defendant Soni denies all other allegations contained in Paragraph 64 of Plaintiff's Original Complaint.

65. Defendant Soni denies the allegations contained in Paragraph 65 of Plaintiff's Original Complaint.

66. Defendant Soni denies the allegations contained in Paragraph 66 of Plaintiff's Original

Complaint.

67. Defendant Soni denies the allegations contained in Paragraph 67 of Plaintiff's Original Complaint.

68. Defendant Soni adopts and incorporates her responses to the previous allegations set forth in this Answer as if fully set forth herein.

69. Defendant Soni denies the allegations contained in Paragraph 69 of Plaintiff's Original Complaint.

70. Defendant Soni denies the allegations contained in Paragraph 70 of Plaintiff's Original Complaint.

71. Defendant Soni denies the allegations contained in Paragraph 71 of Plaintiff's Original Complaint.

72. Defendant Soni admits that Plaintiff has requested a jury trial.

73. To the extent it is required, Defendant Soni denies the allegations contained in the Conclusion and Prayer of Plaintiff's Original Complaint.

**B.**
**AFFIRMATIVE DEFENSES**

Without shifting the burden of proof where it otherwise rests with Plaintiff, Defendant Soni asserts the following affirmative and other defenses:

74. Plaintiff's Complaint fails to state claims against Defendant Soni upon which relief can be granted with respect to some or all of the claims in the Complaint.

75. Plaintiff's claims against Defendant Soni fail, in whole or in part, because Soni possesses no property belonging to Plaintiff.

76. Plaintiff's claims against Defendant Soni based on alleged misappropriation of trade secrets fail because Plaintiff has failed to identify any specific legally protected trade secrets or confidential information.

77. Plaintiff's claims against Defendant Soni fail, in whole or in part, because any information accessed, viewed, used, or transferred by her contained no confidential, proprietary, or trade secret information belonging to Plaintiff.

78. Plaintiff's claims against Defendant Soni fail, in whole or in part, because any information accessed, viewed, used, or transferred by her was well known in the Plaintiff's industry.

79. Plaintiff's claims against Defendant Soni fail, in whole or in part, because Plaintiff has not exercised reasonable or sufficient efforts to maintain the secrecy of any information alleged in the Complaint.

80. Plaintiff's tort claims against Defendant Soni fail because they are preempted by state and/or federal law, including but not limited to the Texas Uniform Trade Secrets Act.

81. Plaintiff's claims against Defendant Soni are barred or subject to reduction to the extent that Plaintiff has failed or in the future fails to satisfy its duty to mitigate its alleged damages.

82. Some or all of Plaintiff's claims against Defendant Soni are barred because the contractual provisions at issue are unenforceable or subject to limitation or modification by the Court. Specifically, certain of the restrictive covenants at issue contain vague and ambiguous terms, are overbroad, and fail to reasonably define a reasonable geographic scope of restriction, and therefore improperly restrain Soni's right and ability to work and conduct business. Said restrictions are therefore an unlawful restraint on trade in violation of Texas

law and public policy.

83. Plaintiff is not entitled to damages, costs, or attorney's fees.

84. Plaintiff's claims against Defendant Soni are barred by the doctrines of waiver and estoppel.

85. Defendant Soni acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of Plaintiff or any duty owed to Plaintiff.

86. Defendant Soni reserves the right to plead other defenses as they become known.

## C.
### COUNTERCLAIMS

87. Defendant Soni asserts counterclaims against Plaintiff Genoa Healthcare, LLC for attorneys' fees due to Plaintiff's bad-faith assertion of trade secret misappropriation claims against Soni. Plaintiff has, in bad faith, sought to destroy Soni's good reputation, disgrace Soni in the industry, and preclude her from future gainful employment opportunities.

88. The Defend Trade Secrets Act, 18 U.S.C. § 1836(b)(3)(D) provides that if a claim of misappropriation thereunder is made in bad faith, the court may award reasonable attorneys' fees to the prevailing party. Bad faith may be established by circumstantial evidence. Plaintiff's misappropriation claim has been brought in bad faith. Soni has incurred and continues to incur attorneys' fees in responding to this lawsuit and she is entitled to recover an award of attorneys' fees under the DTSA due to Plaintiff's bad-faith misappropriation claims against her.

89. The Texas Uniform Trade Secrets Act, Texas Civil Practice and Remedies Code § 134A.005 provides that if a claim of misappropriation thereunder is made in bad faith, the court may award reasonable attorneys' fees to the prevailing party. Plaintiff's

misappropriation claim has been brought in bad faith. Soni has incurred and continues to incur attorneys' fees in responding to this lawsuit and she is entitled to recover an award of attorneys' fees under the TUTSA due to Plaintiff's bad-faith misappropriation claims against her.

## D.
### JURY DEMAND

90. Defendant Soni demands a jury trial on all claims so triable.

## E.
### PRAYER

91. WHEREFORE, PREMISES CONSIDERED, Defendant / Counter-Plaintiff Nishi Soni requests that, upon final hearing hereof, the court order that all of Plaintiff's claims be dismissed with prejudice and that judgment on all of Plaintiff's claims be entered in favor of Defendant Nishi Soni and against Plaintiff Genoa; that Nishi Soni be awarded her attorneys' fees and costs in defending this action, including under 18 U.S.C. § 1836(b)(3)(D) and Texas Civil Practice and Remedies Code § 134A.005; and the court award Defendant / Counter-Plaintiff Nishi Soni all other and further relief, at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

By: */s/ Christopher J. McKinney*
CHRISTOPHER MCKINNEY
State Bar No. 00795516
THE MCKINNEY LAW FIRM, P.C.
21022 Gathering Oak
San Antonio, Texas 78260
Telephone:    (210) 832-0932
Facsimile:    (210) 568-4101
Email: chris@themckinneylawfirm.com
**COUNSEL FOR DEFENDANT NISHI SONI**

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been delivered to the following individual(s) in accordance with the applicable Federal Rules of Civil Procedure on May 17, 2021.

Allan H. Neighbors, IV
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Phone: 713-951-9400
Fax: 713-951-9212
aneighbors@littler.com
**COUNSEL FOR PLAINTIFF**
**GENOA HEALTHCARE, LLC**

                                      */s/ Christopher J. McKinney*
                                      Christopher J. McKinney